# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2010

Lyle W. Cayce
Clerk

No. 09-41122

EMILY MILBURN, Individually and as next friend of D.L.M.,

Plaintiff-Appellee,

v.

SERGEANT GILBERT GOMEZ, OFFICER DAVID ROARK, and OFFICER SEAN STEWART,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Texas
USDC 3:08-cv-00193

Before STEWART, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

At issue on appeal is whether Defendants-Appellants are entitled to summary judgment on qualified immunity grounds in a suit alleging claims under 42 U.S.C. § 1983 and Texas state law. We lack jurisdiction to consider the merits of this appeal because the district court dismissed Defendants-Appellants' motion for summary judgment as untimely. *See Edwards v. Cass C'nty*, 919 F.2d 273, 275-76 (5th Cir. 1990). We may, however, as both parties acknowledged in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41122

their letter briefs, properly treat this appeal as a petition for a writ of mandamus on the issue of timeliness. *See id.* at 276. Based on our review of the record, it appears that Defendants-Appellants' summary-judgment motion was timely, in accordance with the deadlines in the first district judge's docket-control order.[1] That order was still in effect after the case was transferred to the second district judge.[2]

It is therefore unclear on this record why the district court deemed the summary-judgment motion untimely. Accordingly, we remand so that the district court may reexamine the timeliness of the motion or specify its reasons for denying the motion as untimely so that we might determine whether the district court abused its discretion in this regard.

---

[1] The first district judge's docket-control order states that the deadline for dispositive motions is thirty days after the mediator declares an impasse. The record reflects that the mediator declared an impasse on September 10, 2009. Therefore, Defendants-Appellants had until October 13, 2009 to file a motion for summary judgment. Defendants-Appellants filed their summary-judgment motion on September 16, 2009.

[2] The notice of transfer to the second district judge states that "[d]eadlines in existing scheduling orders remain in effect; however all court setting are cancelled."